IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff/Respondent, | No. 3:04-cr-03018-JEG |
| vs. | |
| MANDY MARTINSON, | **INITIAL REVIEW ORDER** |
| Defendant/Movant. | |

The Court has before it a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Mandy Martinson.

If it plainly and conclusively appears from the face of a section 2255 motion and the files and records of the case that the movant is not entitled to any relief, the Court shall summarily dismiss the motion; otherwise, the United States Attorney shall be ordered to respond to the motion, and further proceedings shall be had. See 28 U.S.C. § 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the following reasons, the Court summarily dismisses the section 2255 motion in part and allows the remainder to go forward.

## BACKGROUND

A jury found Martinson guilty of conspiring to distribute 500 grams or more of a mixture of methamphetamine and conspiring to distribute marijuana, possession with intent to distribute five grams or more of a mixture of methamphetamine, and possession of a firearm in furtherance of a drug trafficking crime. The Court sentenced Martinson to 120 months in prison on the conspiracy and possession with intent convictions, a 60-month consecutive term on the firearm conviction, and five years of supervised release.

Martinson appealed, and the United States Court of Appeals for the Eighth Circuit affirmed the conviction and sentence. United States v. Martinson, 419 F.3d 749 (8th Cir. 2005). This timely section 2255 motion followed.

## SECTION 2255 MOTION

Martinson argues her trial counsel provided constitutionally ineffective assistance because (1) Martinson was never shown her entire discovery file, (2) counsel failed to call witnesses for her defense even though such witnesses were available, (3) counsel failed to move for a new trial based on insufficient evidence, and (4) counsel allowed two erroneous verdict forms to be used. The Court of Appeals already addressed Martinson's claim regarding verdict forms and found no plain error. Id. at 754. The standard for establishing prejudice to show ineffective assistance under Strickland v. Washington, 466 U.S. 668, 687 (1984), "is virtually identical to the showing required to establish that a defendant's substantial rights were affected under plain error analysis." Becht v. United States, 403 F.3d 541, 549 (8th Cir. 2005), petition for cert. filed, No. 05-6888 (U.S. Oct. 3, 2005). Consequently, Martinson cannot prevail on her claim that counsel was constitutionally ineffective in allowing erroneous verdict forms to be used. This claim will be dismissed. It does not plainly and conclusively appear from the face of the section 2255 motion and the files and records of the case that Martinson is not entitled to any relief on her remaining claims.

## RULINGS

For the foregoing reasons, the Court summarily **denies in part** Martinson's motion to vacate, set aside, or correct her sentence, brought pursuant to 28 U.S.C. § 2255.

2

The Court **grants** Martinson's motion for appointment of counsel (Clerk's No. 168). The **Clerk of Court is directed to find counsel to represent Martinson.**

By not later than **sixty days** after counsel's appointment, counsel shall file an appearance and amended section 2255 motion or a report indicating no amended motion will be filed. The Court directs the United States Attorney to respond to the motion within **30 days** of the filing of an amended motion or report.

**IT IS SO ORDERED.**

Dated this 23rd day of November, 2005.

*[signature]*
JAMES E. GRITZNER, JUDGE
UNITED STATES DISTRICT COURT